THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:17-CR-77 |
| | : (JUDGE MARIANI) |
| GIMY JOSE RODRIGUEZ, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION & BACKGROUND

Defendant, Gimy Jose Rodriguez, is charged with conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute methamphetamine and heroin in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On April 17, 2017, upon a motion of the Government and with the concurrence of defense counsel, this Court issued a Protective Order which limited the copying and disclosure of discovery materials. (Doc. 45). Presently before the Court is Defendant's Motion for Clarification of the Protective Order. (Doc. 159). Through the Motion, Defendant's counsel wishes to clarify whether or not the Protective Order allows him to produce a copy of the discovery file for Defendant to retain for some time, review, and then eventually return. The Government opposes allowing the discovery file to leave defense counsel's control. For the reasons that follow, the Court clarifies that the Protective Order prevents defense counsel from providing Defendant a copy of materials subject to the Order for Defendant to retain.

## II. Discussion

Federal Rule of Criminal Procedure 16 governs discovery in criminal cases. That rule provides, in part, that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." FED. R. CRIM. P. 16(d)(1). In this case, defense counsel does not challenge the issuance of the umbrella Protective Order. Instead, Defendant's counsel argues that, under the terms of the Protective Order, Defendant "can be supplied a copy of his discovery file," but that "he is to be given a copy of the [Protective] Order, and he shall understand that none of the contents of the discovery file are to be disseminated to anyone and he is to return the discovery file to counsel after his review." (Doc. 160 at 2). Defense counsel also notes that his client has been requesting the file from counsel and that Defendant needs the file to prepare for trial.

The Government responds that it sought a protective order to limit the dissemination of discovery material and that "[t]he Government is most concerned about the dissemination of these types of materials inside any correctional facility or jail." (Doc. 161 at 3). According to the Government, due to the nature of the criminal charges in this case, "it is imperative that this type of information not be disseminated beyond the control of defense counsel in order to protect the lives of confidential informants, sources of information, and cooperators who are identified or, at a minimum, can be exposed by virtue of the affidavits." (*Id.* at 2-3). The Government also asserts that dissemination of the discovery material could threaten

the safety of the family members of confidential informants, sources of information, and cooperators.

In this case, the Court adopted, in full, the proposed protective order which the Government attached to its Motion for a Protective Order. (Doc. 44). Although it is more inferential than perhaps it should be on the particular point that is before the Court, the Protective Order is clearly concerned with the uncontrolled dissemination of sensitive discovery material. For example, on a related point, the Protective Order provides that "[p]otential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court." (Doc. 45 at 6). As the Government correctly notes, allowing sensitive discovery material to remain with the detained Defendant, outside the control of an officer of the Court, would present a substantial risk of unauthorized dissemination. As this risk goes to the very heart of what the Court's Protective Order was meant to prevent, the Court views the Protective Order as preventing defense counsel from providing Defendant a copy of materials subject to the Order for Defendant to retain outside of counsel's presence.

Further, in order to eliminate any perceived ambiguity in the Protective Order, the Court will amend the Order. Given the nature of the concerns that the Government has raised, the Court finds such action appropriate. *See* FED. R. CRIM. P. 16 advisory committee's notes to 1974 amendment (noting that "[a]lthough the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be

appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."). While the Court is of course sensitive to defense counsel's concerns regarding Defendant's inability to prepare for trial, such concerns can be addressed by affording Defendant ample opportunity to review the discovery file with his counsel.[1] See *United States v. Johnson*, 191 F. Supp. 3d 363, 374 (M.D. Pa. 2016) ("[R]equiring the Defendants to review the protected documents in the presence of counsel in no way impairs the effectiveness of their proffered defenses.").

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court will amend the Protective Order to clarify that Defendant's counsel is prohibited from providing Defendant a copy of the discovery file for Defendant to retain. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[1] In his brief, defense counsel seems to suggest that the Government has withheld certain discovery from Defendant pursuant to the Protective Order. (Doc. 160 at 4). In response, the Government asserts that it has not withheld any discovery to which Defendant is legally entitled. (Doc. 161 at 4). This issue is not properly before the Court. To the extent that defense counsel is concerned that the Government has withheld material from the discovery file to which Defendant is entitled—as opposed to the Government providing the material subject to the Protective Order—defense counsel should file an appropriate motion.