# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| v. | : 3:17-CR-00077 |
| | : (JUDGE MARIANI) |
| **GIMY JOSE RODRIGUEZ,** | : |
| **Defendant.** | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Defendant Gimy Jose Rodriguez's "Amended Motion to Dismiss for Lack of Speedy Trial." (Doc. 251).

On March 28, 2017, a federal grand jury returned an indictment charging Defendant Rodriguez with the following violations: (1) conspiracy to possess with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. §§ 841 and 846 (Count I); and (2) possession with intent to distribute 50 grams and more of methamphetamine and an unspecified amount of heroin in violation 21 U.S.C. § 841(a)(1) (Count II). Count I of the Indictment further charged four co-defendants in the conspiracy: Andrew Danko, Angela Haggerty, Jerrod Curtis, and Hector Delacruz. Each of these co-defendants has either pleaded guilty or has had the charge against him dismissed by the Court.

Trial in the present action is scheduled to commence September 4, 2019. On August 22, 2019, Defendant filed a Motion to Dismiss asserting that "he was not brought to trial within the requisite seventy days as required by law in violation of the Speedy Trial Act

and his Sixth Amendment rights" (Doc. 247, ¶ 14) and therefore requesting that this Court dismiss the indictment against him with prejudice. Defendant thereafter filed an "Amended Motion to Dismiss for Lack of Speedy Trial" (Doc. 251) to "include additional periods of delay that are attributable to the Speedy Trial Act calculation and to clarify the Defendant's position concerning the computation of time for Speedy Trial purposes" (*id.* at ¶ 3). On August 26, 2019, the Defendant (Doc. 252) and the Government (Doc. 253) each filed a brief addressing Defendant's amended motion to dismiss.

For the following reasons, the Court will deny Defendant's amended motion to dismiss the indictment (Doc. 251).

## II. ANALYSIS

On March 28, 2017, Defendant Gimy Jose Rodriguez was indicted on the charges of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and possession with intent to distribute methamphetamine and heroin in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On March 30, 2017, Defendant Rodriguez was arraigned by Magistrate Judge Mehalchick and entered a plea of not guilty. (Doc. 28). Thereafter, on April 3, 2017, this Court entered an Order directing all pre-trial motions by Defendant Rodriguez and co-defendants Danko, Haggerty, and Curtis be filed on or before May 3, 2017. (Doc. 40). Although an arrest warrant was issued for co-defendant Delacruz on March 28, 2017 (Doc. 8), he was not arrested until May 31, 2017, in the Southern District of New York (Doc. 53) and arraigned in the Middle District of Pennsylvania on June 23, 2017 (Docs. 58-60).

The parties first dispute whether the time from March 30 to April 26, 2017 is excludable. However, although the parties set forth slightly differing rationales, the Government and Defendant Rodriguez agree that the time from April 26, 2017, through October 25, 2017, is excludable from the Speedy Trial calculations (Doc. 252, at 3; Doc. 253, at 9-13).

Defendant Rodriguez asserts that the Speedy Trial clock then ran from October 25, 2017 to January 22, 2018. (Doc. 252, at 3). The Government acknowledges the Speedy Trial clock may have run for five days from October 26 to October 31, 2017. However, on October 31, 2017, co-defendant Haggerty filed a motion to continue her change of plea hearing and a motion for release (Docs. 106, 107). (Doc. 253, at 13). On November 1, 2017, the Court denied Haggerty's motion to continue her change of plea hearing and Haggerty therefore entered a plea of guilty that same day. (Docs. 109-111). The Government further acknowledges that the Speedy Trial clock then ran for 26 days from November 2, through November 27, 2017. (Doc. 253, at 15). On November 28, 2017, co-Defendant Delacruz filed a motion for pretrial release and a "motion for discovery" (Docs. 112, 114).[1] On December 18, 2017, the Court scheduled a detention hearing to be held on March 1, 2018 (Doc. 118).

---

[1] Defendant Delacruz's "Motion for Discovery" was deemed by this Court to be a request to the Government that it produce certain information, and not a motion to this Court. Thus, the docket reflects that the Court terminated the filing as "not a motion" on November 29, 2017.

On January 22, 2018, Defendant Delacruz filed a motion for an extension of time to file pretrial motions (Doc. 124), which was granted by this Court that same day (Doc. 125), extending the time to file pretrial motions until February 22, 2018. On February 21, 2018, Delacruz filed another motion for an extension of time to file pretrial motions (Doc. 135), which was granted by this Court the following day (Doc. 137), permitting Defendant to file any pretrial motions on or before March 24, 2018. Defendant does not deny that this time is excludable for purposes of Speedy Trial calculations.

On March 27, 2018, the Government requested that the Court schedule trial in this matter in light of "the deadlines pertaining to all of the defendants hav[ing] passed." (Doc. 141). On April 3, 2018, the Court scheduled trial for Rodriguez and Curtis to begin July 31, 2018. (Doc. 147). Defendant contends that this scheduling Order "triggered the clock to begin running again for purposes of the Act." (Doc. 252, at 4). In the interim, on March 28, 2018, Defendant Delacruz filed a motion for leave to file pretrial motions *nunc pro tunc* (Doc. 143), which was thereafter granted by this Court (Doc. 145). On April 3, 2018, Delacruz filed his pre-trial motions (Doc. 146).

On April 4, 2018, the Court denied Delacruz's motion for bail (Docs. 149, 150).

On May 1, 2018, the Court deemed Delacruz's April 3, 2018 pre-trial motions to be withdrawn due his failure to file any brief in support of those pre-trial motions. (Doc. 153).

On May 22, 2018, Defendant Rodriguez filed a "Motion for Clarification of Protective Order" (Doc. 157). The Government concedes that the Speedy Trial clock ran for 20 days

4

from the Court's Order of May 1, 2018, and the time of Defendant's filing of a motion for clarification of the protective order. (Doc. 253, at 17).

On June 13, 2018, the Court deemed Defendant's Motion for Clarification of Protective Order withdrawn for failure to file a brief in support of the motion. (Doc. 158). Thus, on June 15, 2018, Defendant filed an Amended Motion for Clarification of the Protective Order (Doc. 159). The Government acknowledges that one day ran for Speedy Trial purposes at that time (Doc. 235, at 18). The Court ruled on Defendant's motion for clarification on July 6, 2018. (Docs. 168, 169).

On June 29, 2018, Defendant Rodriguez requested additional time to file motions in limine (Doc. 165), which this Court granted (Doc. 166). On July 6, 2018, the Government filed an unopposed motion to continue the trial of Gimy Jose Rodriguez. (Doc. 167). The Court granted this motion, re-scheduling trial to begin on October 2, 2018. (Doc. 170).

Although the docket reflects a significant amount of activity on the part of Gimy Jose Rodriguez, certain co-defendants, and the Government after July 6, 2018, because Defendant Rodriguez does not assert that any time ran for purposes of the Speedy Trial calculations after June 29, 2018, and the Government does not point to any time after June 29, 2018, which this Court should consider, the Court will not engage in a lengthy recitation of the docket activity after the re-scheduling of Gimy Jose Rodriguez's trial on July 6, 2018.

In light of the above-time line, Defendant asserts that a total of 203 days of non-excludable time ran for speedy trial purposes from March 30, 2017 through June 29, 2018.

5

Specifically, Defendant asserts that (1) 27 days of non-excludable time accumulated between March 30, 2017 (the date Rodriguez was arraigned and entered a not guilty plea) and April 26, 2017 (the date co-defendant Curtis filed a motion for an extension of time to file pre-trial motions); (2) 89 days of non-excludable time accumulated from October 25, 2017 (the date co-defendant Curtis was appointed new counsel) and January 22, 2018 (the date co-defendant Delacruz filed a motion for an extension of time to file pre-trial motions); and (3) 87 days of non-excludable time accumulated from April 3, 2018 (when this Court entered an Order scheduling the matter for trial) through June 29, 2018 (date on which Defendant Rodriguez filed a motion for an extension of time). (*See* Doc. 252, at 3-4). In contrast, the Government asserts that only 52 days elapsed under the Speedy Trial clock for Defendant Rodriguez. (Doc. 253, at 19).

The Speedy Trial Act ("Act") establishes time limits for completing the various stages of a federal criminal prosecution. The information or indictment must be filed within 30 days from the date of arrest or service of the summons. 18 U.S.C. § 3161(b). The Act further provides the following:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The seventy-day period is subject to expansion by periods of excludable delay. *See Henderson v. United States*, 476 U.S. 321, 326 (1986). Under the Speedy Trial Act, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the 70-day period permitted between indictment and trial. 18 U.S.C. § 3161(h)(1)(D). The provision broadly applies to all pretrial motions, whether they actually cause a postponement of trial. *Henderson*, 476 U.S. at 327 (exclusion is automatic). In addition, "pursuant to section 3161(h)[6], 'after defendants are joined for trial, 'an exclusion applicable to one defendant applies to all codefendants.' [*United States v. Novak*, 715 F.2d 810, 815 (3d Cir.1983)] (quoting *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980))". *See also, United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993); *United States v. Erby*, 419 F.App'x 176, 179 (3d Cir. 2011).

> Furthermore, the Act provides for periods of exclusion for
>
> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). When calculating includable time, "both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded." *United States v. Lattany*, 982 F.2d 866, 872 n.6 (3d Cir. 1992).

Nonetheless, "[i]f a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The Speedy Trial Act "admits no ambiguity in its requirement that when such a violation has been demonstrated, 'the information or indictment shall be dismissed on motion of the defendant.'" *United States v. Taylor*, 487 U.S. 326, 332 (1988) (quoting 18 U.S.C. § 3162(a)(2)).

The Court will address each of Defendant Rodriguez's cited three time-periods between 2017 and 2018, the accumulation of which he contends violates his rights under the Speedy Trial Act.

### 1. The 27 days between March 30, 2017 and April 26, 2017

Defendant Rodriguez first asserts that the time from his arraignment and plea of not guilty to the time that his co-defendant filed the first motion for an extension of time to file pre-trial motions must be considered non-excludable time pursuant to the Speedy Trial Act. (Doc. 252, at 3).

Here, Defendant Rodriguez was arraigned and entered a plea of not guilty on March 30, 2017. (Doc. 28). On April 3, 2017, this Court entered an Order directing that all pre-trial motions by Defendant Rodriguez and co-defendants Danko, Haggerty, and Curtis be filed on or before May 3, 2017. (Doc. 40). On April 26, 2017, Curtis filed a motion for an extension of time to file pre-trial motions. (Doc. 46). Although Rodriguez provides no case law in support of his assertion that the 27-day period from March 30 to April 26, 2017 is not excluded

pursuant to the Speedy Trial Act, a number of Courts have made clear that the time set aside by the Court for the preparation of pretrial motions is excludable from the Speedy Trial clock. *See United States v. Barnes*, 909 F.2d 1059, 1064-1065 (Seventh Circuit explaining that in prior cases it has held that "the amount of time set aside by a district court for the preparation and submission of pretrial motions is excludable 'delay resulting from other proceedings' under 18 U.S.C. § 3161(h)(1), regardless of whether the time is granted *sua sponte* or pursuant to the defendant's request" and that "the initial time period the district court allowed for the preparation and filing of motions is excludable under the Speedy Trial Act."); *Erby*, 419 F.App'x at 179 ("Erby was arraigned along with his co-defendants on October 4, 2007, at which time they were provided with a filing deadline for pretrial motions of October 30, 2007. This period of time, which was set aside for the preparation of pretrial motions, is excludable from the speedy trial clock."); *United States v. Rivera Gomez*, 2019 WL 2361045, at *3 (D.V.I. 2019) ("Rivera Gomez and Recio-Fernandez were each arraigned and pled not guilty on September 19, 2018. On the same day, the Magistrate Judge entered a scheduling order granting the parties until October 8, 2018, to file pretrial motions. . . . Accordingly, the time from September 19, 2018, through October 8, 2018, is excluded from the speedy trial clock") (citing *Erby*, 419 F.App'x at 179).

As a result, even affording Defendant every favorable inference, only the time between Rodriguez's arraignment and this Court's April 3, 2017, Order requiring the parties to file pre-trial motions on or before May 3, 2017 may be considered non-excludable under

9

the Speedy Trial Act. This amounts to a four-day period of time which the Court will count towards the 70-day Speedy Trial calculation.[2]

## 2. The 89 days between October 25, 2017 and January 22, 2018

Defendant Rodriguez next asserts that there are 89 days of time includable under the Speedy Trial Act from October, 2017 to January, 2018. Specifically, the Defendant explains:

> on October 25, 2017, codefendant Curtis was appointed counsel by Order of this Court (Doc. 105) and the Defendant submits that the clock began to run again. The next filing by the Defendant or codefendant that would potentially stop the clock occurred on January 22, 2018 when codefendant Delacruz filed a Motion for Extension of time (Doc. 124) which was granted by the Court. (Doc. 125).

(Doc. 252, at 3).

With respect to this time period, the Government acknowledges that the Speedy Trial clock ran for five days from October 26 to October 31, 2017 and for 26 days from November 2 through November 27, 2017. (Doc. 253, at 13, 15). Thus, the Government concedes that 31 of the 89 days claimed by the Defendant count towards the Speedy Trial calculation.

Defendant's assertion that the Speedy Trial clock was never stopped between October 25, 2017, and January 22, 2018 fails to take into account co-defendant Delacruz's activity in relation to this case during that time.

---

[2] Because the Court finds that, even counting the four-day period here, there was no violation of the Speedy Trial Act, the Court declines to address the Government's argument that "[t]he time from [Rodriguez's] arraignment on March 30, 2017, until such time his co-defendant Delacruz was returned to the MDPA and arraigned on June 23, 2017, is excludable time for purposed of the Speedy Trial clock" (Doc. 253, at 9).

10

Because it is undisputed that the time from October 26 to October 31, 2017 and November 2 through November 27, 2017 are included in the Speedy Trial calculation, the Court begins by looking to the docket beginning November 27, 2017.[3]

As previously set forth, *supra*, on November 28, 2017, co-defendant Delacruz filed a motion for pretrial release and a "motion for discovery" (Docs. 112, 114).[4] On December 18, 2017, the Court scheduled a detention hearing to be held on March 1, 2018 (Doc. 118). On April 4, 2018, the Court denied Delacruz's motion for bail (Docs. 149, 150).

Because "[m]otions regarding the defendant's pretrial detention and bond are 'pretrial motions' for speedy trial purposes and thus excludable from the speedy trial calculation," *Lattany*, 982 F.2d at 872 n. 6 (collecting cases), and an exclusion applicable to one defendant applies to all codefendants, the time from the filing of co-defendant Delacruz's motion for pretrial release on November 28, 2017, and the Court's denial of that motion on April 4, 2018, is excluded under the Speedy Trial Act.[5]

---

[3] On October 31, 2017, co-defendant Haggerty filed a "Motion to Continue Change of Plea" (Doc. 106) and a "Motion for Release from Detention" (Doc. 107). Both motions were denied by the Court on November 1, 2017. Thus, two days (October 31 and November 1) between October 25 and November 27, 2017, are excludable under the Speedy Trial Act.

[4] As previously explained, Delacruz's "Motion for Discovery" was deemed by this Court to be a request to the Government that it produce certain information, and not a motion to this Court. Thus, the Court terminated the filing as "not a motion" on November 29, 2017.

[5] Although the time from November 28, 2017 through April 4, 2018 is excluded under the Speedy Trial Act, Defendant acknowledges that the Speedy Trial clock was stopped as of January 22, 2018, when co-defendant Delacruz filed a motion for an extension of time to file pretrial motions.
In addition, the Speedy Trial clock was also arguably stopped on January 18, 2018, when Delacruz filed his first motion for an extension of time to file pretrial motions (Doc. 122). Although the Court denied that motion on January 19, 2018, for failure to properly file the motion, those two days are excludable

11

As a result, the Court agrees with the Government that only 31 days elapsed between October 25, 2017, and January 22, 2018, which can be included within the Speedy Trial calculation.

### 3. The 87 days between April 3, 2018 and June 29, 2018

Finally, Defendant Rodriguez contends that when the Court entered an Order on April 3, 2018, scheduling this matter for trial, the "clock [began] running again for purposes of the Act" and the clock "did not stop until June 29, 2018 when the Defendant [Rodriguez] filed a Motion for Extension of Time" (Doc. 252, at 4). Thus, Defendant asserts that "[t]his amounts to 87 days of includable time." (*Id.*).

First, Defendant Rodriguez ignores that while the Court did schedule trial in this matter as to Rodriguez and one co-defendant, Jerrod Curtis, on April 3, 2018 (Doc. 147), that same day, co-defendant Delacruz filed pre-trial motions (Doc. 146). On May 1, 2018, because Delacruz failed to file any brief in support of his April 3rd pre-trial motions, the Court deemed those pre-trial motions to be withdrawn. (Doc. 153). Thus, the time from April 3, 2018, to May 1, 2018, is excluded under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D) (under the Speedy Trial Act, any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the statutory 70-day period).

---

pursuant to the Speedy Trial Act. *See e.g. Arbelaez*, 7 F.3d at 347-348 (a co-defendant's "request for a continuance [in the form of a letter] can be construed as a motion regardless of the [Court's] dissatisfaction with its form or the request for resubmission [by the Court]").

Next, the Government concedes, and this Court agrees, that the Speedy Trial clock ran for 20 days from the Court's Order of May 1, 2018, and the time of Defendant Rodriguez's filing of a "Motion for Clarification of Protective Order" on May 22, 2018 (Doc. 157) (*see* Doc. 253, at 17).

However, because on May 22, 2018, Defendant Rodriguez filed his "Motion for Clarification of Protective Order" (Doc. 157), this again stopped the clock for purposes of Speedy Trial calculations. Defendant Rodriguez has provided no argument or case law to explain why his pretrial motion for clarification of a protective order would not be treated as any other pretrial motion for purposes of tolling the Speedy Trial Act.

On June 13, 2018, the Court deemed Defendant's Motion for Clarification of Protective Order withdrawn for failure to file a brief in support of the motion. (Doc. 158). Thus, on June 15, 2018, Defendant filed an Amended Motion for Clarification of the Protective Order (Doc. 159). The Government acknowledges, and the Court again agrees, that one day ran for Speedy Trial purposes (Doc. 235, at 18) as a result of Defendant's filings. The Court then ruled on Defendant's motion for clarification on July 6, 2018. (Docs. 168, 169).

For the foregoing reasons, the Court finds that 21 days must be counted towards the Speedy Trial calculations for unexcluded time between April 3, 2018 and June 29, 2018.

## III. CONCLUSION

For the above-stated reasons, the Court finds that there were 56 non-excludable days for purposes of Speedy Trial Act calculations from Defendant Rodriguez's arraignment and not guilty plea on March 30, 2017 through the time that Defendant Rodriguez filed his Motion to Dismiss for Lack of Speedy Trial and thereafter his Amended Motion to Dismiss for Lack of Speedy Trial.

As a result, Defendant Rodriguez's "Amended Motion to Dismiss for Lack of Speedy Trial" (Doc. 251) will be denied. A separate Order follows.

Robert D. Mariani
United States District Judge