IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : 3:17-cr-00077 |
| | : (JUDGE MARIANI) |
| v. | : |
| | : |
| GIMY JOSE RODRIGUEZ | : |
| | : |
| Defendant. | : |

**MEMORANDUM OPINION**

I.   **INTRODUCTION & PROCEDURAL HISTORY**

Pending before the Court is Defendant Gimy Jose Rodriguez's *pro se* petition to correct, set aside, or vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 330). For the reasons that follow, the Court will deny Defendant's habeas petition without an evidentiary hearing and a certificate of appealability will not issue.

On March 28, 2017, a federal grand jury returned an Indictment charging Defendant Rodriguez with the following violations: (1) conspiracy to possess with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. §§ 841 and 846 (Count I); and (2) possession with intent to distribute 50 grams and more of methamphetamine and an unspecified amount of heroin in violation 21 U.S.C. § 841(a)(1) (Count II). (Doc. 1). Count I of the Indictment further charged four co-defendants in the conspiracy: Andrew Danko, Angela Haggerty, Jerrod Curtis, and Hector Delacruz.

On March 30, 2017, Defendant Rodriguez was arraigned by then Magistrate Judge Mehalchick and entered a plea of not guilty. (Doc. 28). Thereafter, on April 3, 2017, this court entered an Order directing all pretrial motions filed by Defendant Rodriguez and co-defendants Danko, Haggerty, and Curtis be filed on or before May 3, 2017. (Doc. 40). Although an arrest warrant was issued for co-defendant Delacruz on March 28, 2017, (Doc. 8), he was not arrested until May 31, 2017, in the Southern District of New York, (Doc. 53). Defendant Delacruz was arraigned in the Middle District of Pennsylvania on June 23, 2017 and entered a plea of not guilty.[1] (Doc. 58).

On August 22, 2019, Defendant filed a Motion to Dismiss through defense counsel asserting that "he was not brought to trial within the requisite seventy days as required by law in violation of the Speedy Trial Act and his Sixth Amendment rights," (Doc. 247, ¶ 14) and therefore requesting that this Court dismiss the Indictment against him with prejudice. Defendant thereafter filed an "Amended Motion to Dismiss for Lack of Speedy Trial," (Doc. 251) to "include additional periods of delay that are attributable to the Speedy Trial Act calculation and to clarify the Defendant's position concerning the computation of time for Speedy Trial purposes." (*Id.* at ¶ 3). On August 26, 2019, the Defendant, (Doc. 252), and the Government, (Doc. 253), each filed a brief addressing Defendant's amended motion to dismiss.

---

[1] The Court only recites the facts necessary to address Defendant's habeas petition. For a more complete a factual and procedural history *see* (Doc. 254 at 1-6).

On August 28, 2019, the Court denied Defendant's motion to dismiss the Indictment. (Docs. 254, 255); *see United States v. Rodirguez*, 413 F. Supp. 3d 368 (M.D. Pa. 2019). On August 30, 2019, a plea agreement was entered on the docket between the Government and Defendant. (Doc. 258). Defendant subsequently pled guilty to Counts 1 and 2 of the Indictment at a change of plea hearing on September 3, 2019. On October 30, 2020, the Defendant was sentenced by this Court to a term of imprisonment of 262 months. (Doc. 319). Defendant subsequently filed an appeal to the Third Circuit, which affirmed Defendant's sentence. (Doc. 325).

On June 5, 2023, Defendant filed a *pro se* petition to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. First, Defendants claim that his counsel, William J. Watt III, who represented him from pretrial motions through his guilty plea, was constitutionally ineffective for failing to file a motion for reconsideration of the Court's memorandum opinion and order denying Defendant's motion to dismiss the Indictment based on an alleged violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. (Doc. 330). Second, Defendant claims his sentencing and appellate counsel, Shelly Centini, was constitutionally ineffective for failing to raise the alleged Speedy Trial Act violation on appeal. On November 26, 2023, the Government filed a response, opposing the habeas petition. (Doc. 337). The parties have fully briefed the petition, and it is ripe for disposition.

## II.   STANDARD OF REVIEW

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000), *abrogated on other grounds by Gonzales v. Thaler*, 55 U.S. 134 (2012)) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994). "Relief is available under Section 2255 only under exceptional circumstances, where the claimed errors of law are 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Polonia*, 2020 WL 5260939, at *1 (M.D. Pa. Sept. 3, 2020) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Section 2255 also directs that, in some instances, the court "shall" hold an evidentiary hearing.

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). In *United States v. Booth*, 432 F.3d 542 (3d Cir. 2005), the

Court of Appeals for the Third Circuit explained the court's discretion in these matters:

> Although a district court has discretion whether to order a hearing when a defendant brings a motion to vacate sentence pursuant to 28 U.S.C. § 2255, our caselaw has imposed limitations on the exercise of that discretion. In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). *See also* R. Governing § 2255 Cases R. 4(b). The District court is required to hold an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* We have characterized this standard as creating a "reasonably low threshold for habeas petitioners to meet." *McCoy*, 410 F.3d at 134 (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). Thus, the district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief. *Id.* at 131, 134 ("If [the] petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.").

432 F.3d 545-46. As a general rule, the petitioner has the burden of proof in § 2255

proceedings. *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

Ineffective assistance of counsel claims are properly raised on collateral review rather than on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To succeed on an ineffective of counsel claim, a petitioner must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The *Strickland* test has two prongs: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense." *Palmer v. Hendricks*, 592 F.3d 386, 394 (3d Cir. 2010) (citing *Strickland*, 466 U.S. at 687). "The first prong requires a petitioner to demonstrate that counsel made errors so serious that counsel was not functioning as the

5

counsel guaranteed the defendant by the Sixth Amendment." *Id.* (internal citation and quotation marks omitted). "*Strickland's* second prong requires a petitioner to show that the errors were 'sufficiently serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687). "The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Id.* (internal citation and quotation marks omitted). The petitioner bears the burden of establishing that counsel's performance prejudiced the defense. *Marshall v. Hendricks*, 307 F.3d 36, 89 (3d Cir. 2002).

## III.    ANALYSIS

In his habeas petition, Defendant first claims his counsel William J. Watt III who represented him from pretrial motions through his guilty plea was constitutionally ineffective for failing to seek reconsideration of the Court's memorandum opinion and order denying his motion to dismiss the Indictment based on an alleged violation of the Speedy Trial Act and Sixth Amendment.[2] (Doc. 330 at 13-14). Second, Defendant claims his sentencing and appellate counsel Shelly Centini was constitutionally ineffective for not raising the alleged Speedy Trial Act violation on appeal. (*Id.* at 14).

Defendant asserts that he became aware of a Speedy Trial Act violation by a "jailhouse lawyer." More specifically, Defendant claims:

---

[2]    The protections afforded by the Speedy Trial Act "exceed those of the Sixth Amendment, which does not require that a trial commence within a specific time." *United States v. Lattany*, 982 F.2d 866, 870 n.5 (3d Cir. 1992) (citations omitted). In his habeas petition, Defendant only claims a violation of the Speedy Trial Act, not the Sixth Amendment's "right to a speedy and public trial." U.S. Const. amend. VI.

6

Movant was informed that he had a speedy trial violation. Therefore with help he prepared a letter to his lawyer requesting that a dismissal of his indictment motion be filed since his speedy trial rights were violated. Counsel moved to dismiss the indictment but the court denied his motion to dismiss. The court opined that movant did not have the required 70 days unexcused. The court only found 56 unexcused days.

The same jailhouse lawyer read the court's opinion and explained that the court did not count 27 days between the arraignment and the first pre-trial motion which was filed because the court reasoned that these days were automatically excludable since they were set aside for pretrial motions.

Supreme Court and Third Circuit precedent permit a court to exclude time for pre-trial motions. However this time is not automatically excludable. This court must issue an order excluding this time and it cannot be retroactively excluded. In this case no order was issued excluding this time and therefore movant had a minimum of 83 non-excludable days and the court was required to dismiss the indictment.

In light of this, with help, movant prepared a letter to counsel asking counsel to file a reconsideration, another speedy trial dismissal or an appeal. Furthermore at the time movant was moved to another housing unit in the prison and was no longer able to seek assistance from this other inmate. Nevertheless counsel told movant that the only thing he could do was file an appeal but he had to wait until after he was sentenced in order to file this appeal. Movant eventually pleaded guilty and was expecting an appeal to be filed raising this issue.

Appellate counsel was appointed in this case and a direct appeal was filed without any input from movant. During this time movant was transferred to another prison where he was reunited with the prisoner who was previously helping him with his speedy trial issue. When this other prisoner noticed that the appellate brief did not raise this issue he assisted movant with writing a letter informing counsel that he wanted this issue raised in his appeal. This issue was never raised and the appeal was denied.

This court erred when it denied movant's speedy trial dismissal. Counsel was unfamiliar with the relevant laws and statutes and did not know that this 27 days was not automatically excludable. Counsel was ineffective when he did not request a reconsideration or file a second speedy trial dismissal. Appellate counsel was ineffective when she did not raise this issue on direct appeal.

> Had counsel understood the related law and statutes it would have resulted in a dismissal of the indictment cause dismissal is mandatory in the case of a speedy trial violation. Therefore the results would have been different and movant meets the prejudice requirement.

(Doc. 330 at 13-15).

As discussed more fully below, the Court finds that Defendant has not established that either William J. Watt III or Shelly Centini were constitutionally ineffective.

<u>First</u>, Defendant has failed "to demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Palmer*, 592 F.3d at 394 (internal citation and quotation marks omitted). Defendant's counsel failure to file a motion for reconsideration or a second motion to dismiss the Indictment in the mere two days between the Court's August 28, 2019, memorandum opinion and order denying Defendant's motion to dismiss the Indictment, (Docs. 254, 255), and the August 30, 2019, docketing of Defendant's plea agreement with the Government was not constitutionally deficient.

<u>Second</u>, even assuming that Defendant's counsel was deficient, the Defendant cannot show he was prejudiced because the 27 days that the Court found excludable under the Speedy Trial Act were in fact excludable and counsel's failure to file a motion for reconsideration or a second motion to dismiss to Indictment would have lacked merit. Thus, Defendant's counsel performance was not deficient and, even if it had been, there is no reasonable probability that the outcome would have been different but for counsel's failure to file a motion for reconsideration or a second motion to dismiss the Indictment. The same

8

finding applies to Defendant's sentencing and appellate counsel Shelley Centini, as will be discussed more fully below.

As set forth in the August 28, 2019, memorandum opinion, (Doc. 254), no Speedy Trial Act violation occurred because seventy non-excludable days had not elapsed. (Doc. 254). Specifically, this Court found that only fifty-six non-excludable days had elapsed since the Defendant's Indictment and therefore no Speedy Act Trial violation occurred. As for the 27 days between March 30, 2017 and April 26, 2017, Defendant claimed through counsel that the time from his arraignment and plea of not guilty to the time that his co-defendant filed the first motion for an extension of time to file pre-trial motion must be considered non-excludable time pursuant to the Speedy Trial Act. The Court rejected Defendant's argument and determined that "only the time between Rodriguez's arraignment and this Court's April 3, 2017, Order requiring the parties to file pre-trial motions on or before May 3, 2017 may be considered non-excludable under the Speedy Trial Act. This amounts to a four-day period of time which the Court will count towards the 70-day Speedy Trial calculation."[3] *Rodriguez*, 413 F. Supp. 3d at 374.

The 27 days Defendant claims are nonexcludable pursuant to 18 U.S.C. § 3161(h)(7)(A) were nonetheless still automatically excludable pursuant to 18 U.S.C. §

---

[3] As the Court previously held, the 27 days that Defendant claims were non-excludable were excludable pursuant to 18 U.S.C. § 3161(h)(1) because of the docketing of the Court's April 3, 2017 pretrial scheduling order. (Doc. 40).

3161(h)(6).[4] *See* 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). Thus, Defendant's counsel, William J. Watt III, was not constitutionally deficient for failing to file a motion for reconsideration and a second motion to dismiss the Indictment, and Defendant is not entitled to any relief because he has not been prejudiced by any alleged failure of counsel.

No Speedy Trial Act violation occurred because the 27 days Defendant identifies in his habeas petition as not automatically excludable were nevertheless automatically excludable pursuant to 18 U.S.C. § 3161(h)(6) because this time amounts to a "reasonable period of delay." Specifically, each of the 27 days between March 30, 2017 and April 26, 2017 were automatically excludable because Defendant Rodriguez's co-defendant Delacruz was joined in the same Indictment, Defendant Delacruz was not arraigned in the Middle District of Pennsylvania until June 23, 2017, and Defendant Rodgriguez never filed a motion for severance.[5] 18 U.S.C. § 3161(h)(6).

---

[4] In opposition to Defendant's motion to dismiss the Indictment, the Government raised 18 U.S.C. § 3161(h)(6) in their brief to support its position that no Speedy Trial Act violation occurred. (Doc. 253, at 9) ("The time from the defendant's arraignment on March 30, 2017, until such time his co-defendant Delacruz returned to the MDPA and was arraigned on June 23, 2017, is excludable time for purposes of the Speedy Trial clock.") (citing 18 U.S.C. § 3161(h)(6)). The Court declined to address that argument at the time. (Doc. 254 at 10 n.2).

[5] As of April 26, 2017, Rodriguez's co-defendant Delacruz had yet to be arraigned and therefore Delacruz's speedy trial clock, and in turn Rodrigeuz's speedy trial clock, had not begun to run. *See Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("all defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant.").

Accordingly, the 27 days which the Court excluded and that the Defendant claims are nonexcludable in his habeas petition would still have been automatically excludable pursuant to 18 U.S.C. § 3161(h)(6) and therefore no violation of the Speedy Trial Act occurred. *See United States v. Clarke*, 2022 WL 17691562, at *3 (3d Cir. Dec. 15, 2022) ("We discern no violations of the STA. There were no periods of time unaccounted for regarding the STA. Under § 3161(h)(6), a 'reasonable period of delay' should be excluded 'when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.' It follows that although A. Clarke was indicted in January 2013, A. Clarke's speedy trial clock did not start running until L. Clarke made his initial appearance in May 2013. . . . Because A. Clarke never moved for severance prior to L. Clarke's appearance, the 'reasonable period of delay' before May 2013 does not count toward the running of A. Clarke's speedy trial clock.") (citing *United States v. Claxton*, 766 F.3d 280, 292 (3d Cir. 2014)); *see also United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 203 (D.C. Cir. 2013) (delay between defendant's arraignment and arraignment of last co-defendant automatically excluded pursuant to 18 U.S.C. § 3161(h)(6)); *Andino v. United States*, 2022 WL 17338000, at *9 (E.D. Pa. Nov. 30, 2022) ("The speedy trial clock in the above-captioned case began on January 24, 2019, when Cooper, the last co-defendant joined for trial, was arraigned.") (citing 18 U.S.C. § 3161(h)(6)).

The same logic underlying *Clarke* applies here and compels a denial of Defendant's habeas petition because Defendant's rights under the Speedy Trial Act and Sixth Amendment were not violated by excluding these 27 days from the speedy trial clock. 18 U.S.C. § 3161(h)(6). Defendant's counsel William J. Watt III was not constitutionally deficient for failing to file a motion for reconsideration or a second motion to dismiss the Indictment, and even if he had been, Defendant cannot show he was prejudiced as a result. More specifically, because Defendant Rodriguez never moved for severance at any time prior to his co-defendant Delacruz's June 23, 2017 initial appearance, the "reasonable period of delay" before June 23, 2017 does not count toward the running of Defendant Rodriguez's speedy trial clock pursuant to 18 U.S.C. § 3161(h)(6). *See Clarke*, 2022 WL 17691562, at *3. Therefore, the 27 days between March 30, 2017 and April 26, 2017 that Defendant asserts were nonexcludable were properly excluded from the speedy trial clock, as the Court previously held. Because it is apparent that no Speedy Trial Act or Sixth Amendment violation occurred, Defendant's counsel "cannot be deemed ineffective for failing to raise a meritless claim." *Werts v. Vague*, 228 F.3d 178, 203 (3d Cir. 2000).

In addition, Defendant has failed to demonstrate that his "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Moreover, Defendant has not be prejudiced by any alleged errors of his counsel because even if counsel had filed a motion for reconsideration or a second motion to dismiss the Indictment, there is no reasonable

probability that the outcome would have been different but for counsel's failures.  Defendant is not entitled to a hearing on his first ground for relief, because even crediting the truth of the allegations in the habeas petition, "his allegations were contradicted conclusively by the record" and his "allegations were patently frivolous." *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001); *see also Palmer*, 592 F.3d at 393 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.") (internal citation and quotation marks omitted).  Indeed, the Third Circuit has "repeatedly emphasized that bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition." *Id.* at 395 (citations omitted).   Accordingly, Defendant's first basis for habeas relief will be denied without an evidentiary hearing and no certificate of appealability will issue.

Defendant second ground for habeas relief is based on the failure of his sentencing and appellate counsel, Shelly Centini, to raise the alleged Speedy Trial Act violation on appeal.  "In order to a assess whether an appellate attorney performed deficiently by failing to raise a certain issue on appeal, a court must first consider whether the defendant had a meritorious basis for an appeal on that issue." *United States v. Braddy*, 2023 WL 3533649, at *3 (3d Cir. May 18, 2023).  "If there was no underlying error, then appellate counsel was not ineffective for failing to raise this issue on appeal." *United States v. Scripps*, 961 F.3d 626, 632 (3d Cir. 2020).

For the same reasons that the Court rejects Defendant's first basis for habeas relief, the Court must also reject Defendant's second ground for habeas relief. As discussed, Defendant Rodriguez's speedy trial rights were not violated. Therefore, it follows that Defendant's sentencing and appellate counsel Shelly Centini was not constitutionally deficient for failing to raise on appeal the alleged Speedy Act Trial violation because such claim would have lacked merit. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument."). Moreover, appellate counsel raising such a claim on appeal would appear to violate the broad appellate waiver contained in the Defendant's Plea Agreement.[6] (Doc. 258, ¶ 27) ("... Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined...").

---

[6] As stated in the Government's brief:

> The defendant's sentencing and appellate counsel cannot be deemed ineffective for failing to raise a meritless argument. In fact, as stated above, appellate counsel managed to raise sentencing issues on appeal before the Third Circuit despite a direct appeal waiver contained in the defendant's plea agreement. (Doc. 258, ¶ 27). Also as stated above, the Court issued a memorandum opinion in which the calculation of time by days was painstakingly counted in recognition of periods of inclusion and exclusion as provided by statute and federal courts' interpretation of the relevant statute. (Doc. 254). The defendant offers no explanation or argument on how the outcome of [the] Court's opinion would have been different on appeal in light of the fact that it is founded in law. Other than a bare allegation regarding his counsel's ineffectiveness, he offers nothing else related to the 27 days upon which he is focused. (Doc. 337 at 14-15).

Nevertheless, even assuming that Defendant's counsel Shelly Centini was deficient for failing to raise the Speedy Trial Act issue on appeal, Defendant has failed to demonstrate prejudice because there is no reasonable probability that the outcome would have been different but for counsel's failure raise the Speedy Trial Act issue on appeal. Because it is apparent that no Speedy Trial Act or Sixth Amendment violation occurred, Defendant's counsel "cannot be deemed ineffective for failing to raise a meritless claim." *Werts*, 228 F.3d at 203.

In addition, Defendant is not entitled to a hearing on his second ground for relief, because even crediting the truth of the allegations in the habeas petition, "his allegations were contradicted conclusively by the record" and his "allegations were patently frivolous." *Solis*, 252 F.3d at 295; *see also Palmer*, 592 F.3d at 393 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.") (internal citation and quotation marks omitted). Accordingly, Defendant's petition for habeas relief will be denied without an evidentiary hearing.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Here, for the reasons stated in the foregoing Memorandum Opinion, Defendant has not made a

substantial showing of a denial of constitutional right. Accordingly, a certificate of appealability will not issue in any respect regarding the issues decided herein because reasonable jurists would not find this Court's resolution of Defendant's constitutional claims debatable or wrong.

## V.  CONCLUSION

For the foregoing reasons, Defendant's habeas petition will be denied without an evidentiary hearing. No certificate of appealability will issue. A separate Order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge